UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GORDON CARVER,

    Plaintiff,

    v.

STATE FARM FIRE AND CASUALTY CO.,

    Defendant.
_____/

Case No. 19-cv-13634

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#22] AND SETTING NEW DATES

### I. INTRODUCTION

Before the Court is the Defendant State Farm Fire and Casualty Company's ("State Farm") Motion for Summary Judgment pursuant to FED. R. CIV. P. 56, seeking dismissal of Plaintiff Gordon Carver's Complaint in its entirety with prejudice. ECF No. 22, PageID.96. Plaintiff filed a Response to State Farm's present motion, along with a Request for Summary Judgment as to Defendant's liability.[1] ECF No. 23. Plaintiff alleges State Farm breached its insurance policy

---

[1] Plaintiff's "Request for Summary Judgment" is procedurally improper and violates the Court's Electronic Filing Policies and Procedures. *See* Rule 5(f) of E.D. Mich. Elec. Fil. Pol. & Proc. ("Motions must not be combined with any other stand-alone document. For example, a motion for preliminary relief must not be combined with a complaint. A counter-motion must not be combined with a response or reply."). Accordingly, the Court will STRIKE Plaintiff's Request for Summary Judgment.

1

by refusing to cover water damage to his rental property. ECF No. 1-1. The matter is fully briefed, ECF Nos. 23, 25, and a hearing was held on October 4, 2021. ECF No. 28. Upon review of the parties' briefs and consideration of their oral arguments, the Court will DENY Defendant's Motion for Summary Judgment.

## II. FACTUAL BACKGROUND

Before 2018, Plaintiff's father conveyed his house in Sterling Heights, Michigan (the "Property") to the Plaintiff. ECF No. 1-1, PageID.11; ECF No. 22-6, PageID.175. Prior to the conveyance, Plaintiff's father ran a sound production studio at the Property. ECF No. 22-6, PageID.175. Once Plaintiff owned the Property, he leased it to families, one of whom resided there until September of 2018. ECF No. 22-5, PageID.166. The family purportedly vacated the Property early and left the premises in disarray. *Id*. at PageID.166; ECF No. 23, PageID.185.

State Farm issued a rental dwelling policy to Plaintiff to cover the Property. ECF No. 22-2, PageID.114. The policy was active from February 20, 2018, through February 20, 2019. *Id*. It covered the Property when "used principally as a private residence." ECF No. 22-2, PageID.136. Plaintiff's father used the garage as a wood workshop as he and Plaintiff's mother leased the Property, and he signed a lease agreement and began paying a month-to-month lease upon the departure of

the family. ECF No. 23, PageID.185; ECF No. 22-5, PageID.167. Plaintiff claims that while his father continued to use the garage, Plaintiff arranged for repairs in order to find a new tenant. ECF No. 23, PageID.188.

On January 9, 2019, the Property experienced water damage. ECF No. 22, PageID.101. Plaintiff submitted a claim to State Farm for the damage. *Id*. State Farm denied Plaintiff's claim, asserting that Plaintiff failed to use reasonable care to maintain heat in the house which caused the water meter in the basement to break. ECF No. 23, PageID.230. In response, Plaintiff points out that State Farm's contracted water removal specialist has opined that the damage was caused by a faulty filter. *Id*. at PageID.242.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 56 permits parties to file a motion for summary judgment when a claim, counterclaim, or crossclaim is asserted against them. FED. R. CIV. P. 56(b). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 9 L.Ed.2d 265 (1986). No genuine dispute of material fact exists where the record "taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus.,*

3

*Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). "Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Ultimately, the court evaluates "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

## IV. DISCUSSION

Defendant moves the Court for an entry of summary judgment arguing the water damage is not covered under the policy because the Property was not principally being used as a residence at the time of the loss. *Id*. at PageID.105–108. Plaintiff counters that being in-between tenants does not preclude coverage and that his parents used the Property principally as a private residence because it was a residential property his parents spent considerable time at. ECF No. 23, PageID.187–188.

4

Here, the Court concludes that the property's occupancy status does not preclude coverage under the rental dwelling policy. Moreover, whether Plaintiff's parents used the Property principally as a private residence is a genuine issue of material fact. On this record, the Court cannot conclude as a matter of law that the Property was not being used principally as a private residence at the time of the water damage.

**A. Being In-Between Tenants Does Not Preclude the Policy's Coverage**

"When federal courts have jurisdiction over state law claims due to the diversity of the parties, the substantive law of the forum state governs." *Yarnell v. Transamerica Life Ins. Co.*, 447 F. App'x 664, 669 (6th Cir. 2011). Under Michigan law, an insurance policy is "an agreement between the parties in which a court will determine what the agreement was and effectuate the intent of the parties." *Auto-Owners Ins. Co. v. Churchman*, 440 Mich. 560, 566, 489 N.W.2d 431 (1992). When the policy language is clear, courts must enforce the contract's specific language. *Heniser v. Frankenmuth Mut. Ins. Co.*, 449 Mich. 155, 160, 534 N.W.2d 502 (1995). "An insurance contract is not ambiguous merely because a term is not defined in the contract." *McGrath v. Allstate Ins. Co.*, 290 Mich. App. 434, 439, 802 N.W.2d 619 (2010). Rather, "[a]ny terms not defined in the contract should be given their plain and ordinary meaning." *Id*.

In *McGrath*, a homeowner moved from her property to live with her daughter elsewhere. 290 Mich. App. at 437. The homeowner's family occasionally visited the property, but the homeowner herself never moved back. *Id*. Years later, the property sustained water damage. *Id*. The insurer, citing the homeowner's insurance policy,[2] denied coverage because no one lived on the property when it sustained damage. *Id*. The State Court of Appeals agreed, finding "the term 'reside' requires that the insured actually live at the property" when damage occurs. *Id*. at 443. The Court awarded summary judgment to the insurer because both parties agreed that the homeowner did not reside at the property.

The court in *McGrath* relied heavily on a Michigan Supreme Court decision in *Heniser*, where the plaintiff sold his vacation home on a land contract. 449 Mich. at 157. Two months later, a fire destroyed the home. *Id*. The insurer denied coverage because the plaintiff was not residing at the home when the fire ignited. *Id*. at 157–58. The court agreed, explaining that "the insured must reside at the insured premises," *Heniser*, 449 Mich. at 509, when the loss occurs. The plaintiff additionally ceded "that he did not actually live at the insured premises at the time of the fire and that he did not intend to live there in the future." *Id*. at 506.

---

[2] The homeowner policy described the covered property as "[y]our dwelling … where you reside and which is principally used as a private residence." *Id*. at 440.

Both *McGrath* and *Heniser* concerned distinguishable insurance policies from the present case. Plaintiff's policy only requires the insured property be a family dwelling, whereas the policies in *McGrath* and *Heniser* included language stipulating that the insured reside at the insured property. *See Heniser*, 449 Mich. at 507–08 (providing that the "residence premises" are "where [the insured] reside[s]…"); *McGrath*, 290 Mich. App. at 440 (same). There is no language in Plaintiff's policy suggesting coverage ends when the property is vacant or in-between tenants. ECF No. 22-2, PageID.136. The Court cannot read terms into an insurance policy that do not exist. *See McGrath*, 290 Mich. App. at 439 ("When the policy language is clear, a court must enforce the specific language of the contract."). Accordingly, the Court rejects the argument that the Property's occupancy status would preclude coverage.

**B. The Property's Use Is a Genuine Issue of Material Fact**

Plaintiff's rental dwelling policy defines the Property as "the residence premise" that is "used *principally* as a private residence." ECF No. 22-2, PageID.136 (emphasis added). Both parties agree that *McGrath* and *Heniser* should guide the Court's analysis here. ECF No. 22, PageID.105–107; ECF No. 23, PageID.189. But those cases are do not describe how a property is used principally as a private residence. The Court finds *Skrelja v. State Auto. Mut. Ins.*

*Co.*, instructive on that question. No. 15-CV-12460, 2016 U.S. Dist. LEXIS, at *9–*11 (E.D. Mich. June 20, 2016).

In *Skrelja*, the plaintiff policyholder made daily renovations to the insured property for eight to ten hours a day, while sleeping at another residence. *Id*. at *3. When a fire broke out at the insured property, the plaintiff filed an insurance claim. *Id*. The insurers tried denying coverage for the same reasons as here, claiming that the plaintiff "did not reside at the [insured's] property and, therefore, it is not his residence premises." *Id*. The *Skrelja* court ultimately denied the insurer's motion for summary judgment because the plaintiff resided at two properties, "spending his days at the [insured property] and eating dinner and sleeping at" another. *Id*. Absent a contract stating otherwise, the court reasoned that an insured party could reside in two places during an insurance coverage period.

Here, State Farm fails to demonstrate that Plaintiff's parents were not using the Property principally as a private residence when the water damage occurred. The deposition of Plaintiff's father depicts a man who spent time on the Property daily. ECF No. 22-5, PageID.166. When Plaintiff rented the Property to other tenants, his father "always" did woodwork on the premises, including during State Farm's coverage period. *Id*. Plaintiff's father would "replenish the water from the kitchen" and spent time on the Property "pretty much" every day. *Id*. Likewise, Plaintiff's mother picked up mail from the Property and weeded its garden

8

regularly. ECF No. 22-5, PageID.167. And while Plaintiff's parents slept elsewhere, that fact is immaterial to the Court's analysis on summary judgment. *See Skrelja*, 2016 U.S. Dist. LEXIS 79573, at *10–*11 ("Defendant points to no authority suggesting that plaintiff may reside/live/dwell at only one house.").

Whether Plaintiff's parents used the Property principally as a private residence is a question of fact—not law. State Farm points to no policy language or case law suggesting that Plaintiff's parents did not use the Property principally as a private residence. *See Skrelja*, 2016 U.S. Dist. LEXIS 79573, at *9–*10 (rejecting an insurer's summary judgment motion when the law did not clearly support denying coverage). State Farm directs the Court towards the dictionary definition of the term "reside," which it defines as "to dwell permanently or for a considerable time." ECF No. 22, PageID.105. Even accepting that definition, Plaintiff's parents arguably spent considerable time on the property. *Supra*. Indeed, what activities prove a property is used principally as a private residence is *the* genuine issue of material fact in this case. Viewing the evidence in the light most favorable to the non-moving party, the Court cannot conclude as a matter of law that the Property was not being principally used as a private residence at the time of the loss.

## IV. Conclusion

For the reasons discussed herein, Defendant's Motion for Summary Judgment [#22] is DENIED.

The following dates shall govern in this matter:

Facilitation: December 2021 (Order of facilitation due: November 1, 2021)

Settlement Conference: January 2022

Motions *in Limine* due: February 1, 2022

Final Pretrial Order due: February 1, 2022

Final Pretrial Conference: March 1, 2022 at 2:00 p.m.

Jury Trial Date (Est. 3–4 days):  March 22, 2022 at 9:00 a.m.

The Court's policies and procedures set forth in its August 21, 2020 Scheduling Order shall remain in effect.  *See* ECF No. 12, PageID.67–70.

**IT IS SO ORDERED.**

                                                            _/s/Gershwin A. Drain_
                                                            GERSHWIN A. DRAIN
                                                            UNITED STATES DISTRICT JUDGE

Dated:  October 19, 2021

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 19, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager